

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JANCHART SHIPPING A/S,

          Plaintiff,     08 CV

-v-

                   VERIFIED COMPLAINT

LORDS POLYMER (I) PVT. LTD, LORDS BLUE
TECH CO. PVT. LTD., AMIT SAHA, ASIS SAHA,
RAKHI SAHA, and SEEMA SAHA,

          Defendants.
-----------------------------------------------------------------x

    Plaintiff, JANCHART SHIPPING A/S (hereinafter "JANCHART"), by its

attorneys, CHALOS, O'CONNOR & DUFFY, L.L.P., as and for its Verified Complaint

against Defendants, LORDS POLYMER (I) PVT. LTD (hereinafter "LORDS"), LORDS

BLUE TECH CO. PVT. LTD., AMIT SAHA, ASIS SAHA, RAKHI SAHA, and

SEEMA SAHA, alleges upon information and belief as follows:

JURISDICTION

    1.   The Court has subject matter jurisdiction by virtue that the underlying

claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of

this Court under 28 U.S.C. § 1333.

THE PARTIES

    2.   At all times material hereto, Plaintiff, JANCHART, was and still is a

foreign business entity duly organized and existing pursuant to the laws of Denmark, with

principal place of business at, Koldingbjerg 27, P. O. Box 288, 6000 Kolding, Denmark.

3.     At all times material hereto, Defendant, LORDS, was and still is a foreign business entity duly organized and existing pursuant to the laws of India, with principal place of business at Chatterjee International Centre, 33-A Jwaharlal Nehru Road, 4th Floor, Room No. A4, Kolkata -700 072, West Bengal, India.

4.     At all times material hereto, Defendant LORDS BLUE TECH CO. PVT. LTD, was and still is a foreign business entity duly organized and existing pursuant to the laws of India, with an office and principal place of business at Chatterjee International Centre,  33-A Jwaharlal Nehru Road, 4th Floor, Room No. A4, Kolkata -700 072, West Bengal, India.

5.     At all times material hereto, Defendant AMIT SAHA, was and still is a citizen and resident of India.

6.     At all times material hereto, Defendant ASIS SAHA, was and still is a citizen and resident of India.

7.     At all times material hereto, Defendant RAKHI SAHA, was and still is a citizen and resident of India.

8.     At all times material hereto, Defendant SEEMA SAHA, was and still is a citizen and resident of India.

<u>AS A FIRST CAUSE OF ACTION</u>

9.     On or about January 25, 2008, JANCHART, as disponent owners of the M/V DANA MUHIEDDINE, and LORDS, as charterers, entered into a voyage charter party for the carriage of iron ore fines from India to ports in China.

2

10.     This contract between JANCHART and LORDS is a maritime contract consisting of a fixture note and voyage charter (hereinafter referred to as the "maritime contract").

11.     Pursuant to the maritime contract, JANCHART and LORDS agreed to, among other things, the payment of freight, dead freight, demurrage and the arbitration of disputes arising out of the maritime contract.

12.     In accordance with the maritime contract, JANCHART delivered the M/V DANA MUHIEDDINE to LORDS. The vessel was loaded, and proceeded to discharge its cargo according to the martime contract.

13.     Despite demands by JANCHART to Defendants, and Defendants promises to pay freight, dead freight, and demurrage in a timely manner, Defendants, in breach of the terms of the January 25, 2008 voyage charter agreement, have failed to pay freight, dead freight, and demurrage for the vessel on time and/or at all. To date, the total amount due and owing to JANCHART by Defendants is US$1,316,733.00.

14.     Pursuant to the terms of the maritime contract, all disputes arising there under are to be submitted to Singapore arbitration with English law to apply. English law provides that the prevailing party is entitled to interest, costs and legal fees. As best as can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount of not less than US$250,000.00.

15.     Therefore, JANCHART's total claim for breach of the maritime contract against LORDS is in the aggregate US$1,566,733.00.

16.    Upon information and belief, Defendant LORDS BLUE TECH CO. PVT. LTD. is a family-owned private limited company whose principal shareholders are Defendants AMIT SAHA, ASIS SAHA, RAKHI SAHA, and SEEMA SAHA.

17.    Upon information and belief, Defendant LORDS is a family-owned private limited company whose principal shareholders are Defendants AMIT SAHA, ASIS SAHA, RAKHI SAHA, and SEEMA SAHA.

18.    Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant LORDS and Defendant LORDS BLUE TECH CO. PVT. LTD., that no separation exists between them and the corporate form of Defendant LORDS has been disregarded such that Defendant LORDS primarily transacted the business of Defendant LORDS BLUE TECH CO. PVT. LTD.

19.    Upon information and belief, at all material times, Defendant LORDS operated in the name of Defendant LORDS BLUE TECH CO. PVT. LTD., such that Defendant LORDS BLUE TECH CO. PVT. LTD. was the beneficial owner of LORDS.

20.    Upon information and belief, as between LORDS and LORDS BLUE TECH CO. PVT. LTD. there is a commonality of control and management centered with LORDS BLUE TECH CO. PVT. LTD., and an overlap of officers, directors and employees, among whom are AMIT SAHA, ASIS SAHA, RAKHI SAHA, and SEEMA SAHA.

21.    Upon information and belief, at all material times, Defendant LORDS and Defendant LORDS BLUE TECH CO. PVT. LTD., have overlapping ownership, management, personnel and purposes such that Defendant LORDS and Defendant LORDS BLUE TECH CO. PVT. LTD. did not operate at arms length.

22.     Upon information and belief, at all material times, Defendant LORDS and Defendant LORDS BLUE TECH CO. PVT. LTD., have had common addresses, common contact information such that the Defendant LORDS had no independent corporate identity from the Defendant LORDS BLUE TECH CO. PVT. LTD..

23.     Upon information and belief, at all material times, there has been an intermingling of funds between Defendants LORDS, AMIT SAHA, ASIS SAHA, RAKHI SAHA, and SEEMA SAHA and Defendant LORDS BLUE TECH CO. PVT. LTD..

24.     Upon information and belief, at all material times, Defendants AMIT SAHA, ASIS SAHA, RAKHI SAHA, and SEEMA SAHA have dominated, controlled and used the Defendant LORDS and/or LORDS BLUE TECH CO. PVT. LTD. for their own purposes such that there is no meaningful difference between the entities.

25.     Upon information and belief, at all material times, Defendants LORDS BLUE TECH CO. PVT. LTD., AMIT SAHA, ASIS SAHA, RAKHI SAHA, and SEEMA SAHA have disregarded the corporate form of Defendant LORDS to the extent that Defendant LORDS was actually carrying on the business of LORDS BLUE TECH CO. PVT. LTD, AMIT SAHA, ASIS SAHA, RAKHI SAHA, and SEEMA SAHA as if the same were its own, or vice versa.

26.     Upon information and belief, Defendants LORDS, AMIT SAHA, ASIS SAHA, RAKHI SAHA, and SEEMA SAHA utilize Defendant LORDS BLUE TECH CO. PVT. LTD., to transfer funds through, to and from the Southern District of New York on their behalf.

27.    Upon information and belief, there are reasonable grounds to conclude that Defendants LORDS BLUE TECH CO. PVT. LTD., AMIT SAHA, ASIS SAHA, RAKHI SAHA, and SEEMA SAHA are the alter-ego of Defendant LORDS and, therefore, Plaintiff JANCHART has a valid prima facie *in personam* claim against Defendants LORDS BLUE TECH CO. PVT. LTD., AMIT SAHA, ASIS SAHA, RAKHI SAHA, and SEEMA SAHA based upon alter ego liability.

BASIS FOR ATTACHMENT

28.    Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

29.    Plaintiff believes that some of these assets, to wit:  accounts; bank accounts; monies; charter hire; credits; debts owed to the defendant; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendants, LORDS POLYMER (I) PVT. LTD, LORDS BLUE TECH CO. PVT. LTD., AMIT SAHA, ASIS SAHA, RAKHI SAHA, and SEEMA SAHA, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American

6

Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo
Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc.,
Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA),
JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS
AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or
financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A.     That process in due form of law issue against the Defendants, citing them
to appear and answer under oath all, and singular, the matters alleged in the Verified
Complaint;

B.     That since the Defendants cannot be found within the District, as set forth
in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the
Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order
directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment
pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and
Maritime Claims, attaching all of the Defendants' tangible or intangible property or any
other funds held by any garnishees in the district which are due and owing, or other
property of, or for the benefit of, the Defendants, up to the amount of USD
$1,566,733.00, to secure and satisfy the Plaintiff's claims, and that all persons claiming
any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule
B and Rule E answer the matters alleged in the Complaint;

C.     That Plaintiff may have such other, further and different relief as may be
just and proper.

Dated: Port Washington, New York
      May 15, 2008

                                 CHALOS, O'CONNOR & DUFFY, L.L.P.
                                 Attorneys for Plaintiff
                                 JANCHART SHIPPING A/S

By:    _____
                                 George M. Chalos (GC-8693)
                                 366 Main Street
                                 Port Washington, New York 11050
                                 Tel: (516) 767-3600
                                 Fax: (516) 767-3605
                                 Email: gmc@codus-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JANCHART SHIPPING A/S,

                                    Plaintiff,              08 CV

      -v-
                                                    **VERIFICATION OF**
                                                    **COMPLAINT**

LORDS POLYMER (I) PVT. LTD, LORDS BLUE
TECH CO. PVT. LTD., AMIT SAHA, ASIS SAHA,
RAKHI SAHA, and SEEMA SAHA
                                    Defendants.
-------------------------------------------------------------------x


      Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of

perjury:

      1.      I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P.,

counsel for the Plaintiff, JANCHART SHIPPING A/S, herein;

      2.      I have read the foregoing Verified Complaint and know the contents thereof; and

      3.      I believe the matters to be true based on documents and information obtained

from employees and representatives of the Plaintiff through its agents, underwriters and

attorneys.

      4.      The reason that this verification was made by deponent and not by the Plaintiff is

because Plaintiff is a foreign corporation, whose officers are not in this district, and whose

verification cannot be obtained within the time constraints presented by the circumstances of this

case.

      I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
       May 16, 2008

                                    CHALOS, O'CONNOR & DUFFY, L.L.P.
                                    Attorneys for Plaintiff
                                    JANCHART SHIPPING A/S

                        By:         _____
                                    George M. Chalos (GC-8693)
                                    366 Main Street
                                    Port Washington, New York 11050
                                    Tel: (516) 767-3600
                                    Fax: (516) 767-3605
                                    Email: gmc@codus-law.com

2